| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | UNITED STATES DISTRICT COURT |
| | WESTERN DISTRICT OF WASHINGTON |
| 9 | AT TACOMA |

ROBERT SCOTT LIPPERT,

　　　　　Plaintiff,

　v.

RAMOND CABALLOS-GALENDO et al.,

　　　　　Defendants.

CASE NO. 2:21-cv-00175-MJP-JRC

ORDER

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. Plaintiff, proceeding *pro se*, initiated this lawsuit on February 10, 2021 *See* Dkt. 1. Because plaintiff's proposed complaint raises claims related to incarceration at Idaho State Corrections Center ("ISCC") in Kuna, Idaho, the Court orders that this case be transferred to the District of Idaho.

**BACKGROUND**

Plaintiff is currently housed at the Federal Detention center in Seattle, Washington. Dkt. 1-1. Plaintiff alleges his constitutional rights were violated when he was physically assaulted by

1  his cellmate at ISCC and defendants failed to protect him. *See* Dkt. 1-1. The Court has not

2  granted plaintiff *in forma pauperis* ("IFP") status, nor has the Court ordered the Clerk's Office to

3  attempt service of process. No defendant has appeared in this action.

## DISCUSSION

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b).

When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a). An order transferring venue pursuant to 28 U.S.C. §1404(a) does not address the merits of the case; therefore, it is a non-dispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Pavao v. Unifund CCR Partners*, 934 F.Supp.2d 1238, 1241 n. 1 (2013).

Here, it is clear from plaintiff's proposed complaint that his claims arise out of actions committed at ISCC. Dkt. 1-1. ISCC is located in Kuna, Idaho, which is within the venue of the District of Idaho. *See* 28 U.S.C. §§ 128(a). Plaintiff does not allege any of the named defendants reside in the Western District of Washington. *Id.* Therefore, the Court concludes venue is proper in the United States District Court for the District of Idaho. *See* 28 U.S.C. § 1391(b).

Because venue is improper, the Court has the discretion to dismiss or transfer the case. *See* 28 U.S.C. § 1406(a). Plaintiff is a *pro se* prisoner. *See* Dkt. 1-1. At this time, the Court does not find the proposed complaint is meritless. Further, dismissing the case and directing Plaintiff to refile in the District of Idaho would cause unnecessary delay. Therefore, the Court finds transferring, rather than dismissing, this case is appropriate.

**Conclusion**

The Court finds venue is improper and the interests of justice require this case be transferred to the proper venue. Accordingly, the Court orders this case be transferred to the District of Idaho and the case be closed.

In light of the transfer, the Court defers to the District of Idaho with respect to Plaintiff's Motion to Proceed IFP (Dkt. 3).

Dated this 2nd day of March, 2021.

J. Richard Creatura
United States Magistrate Judge